THOMPSON LAW OFFICE, LLC
Colin M. Thompson
2nd Floor, J.E. Tenorio Bldg.
PMB 917 Box 10001
Saipan, MP 96950
Telephone No.: (670) 233-0777
Facsimile No.:   (670) 233-0776
cmtlaw@live.com

*Attorney for Plaintiffs*

FILED
Clerk
District Court

OCT - 9 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| QIAN YAN FEJERAN and ROES I-X,<br><br>**Plaintiffs,**<br><br>v.<br><br>**LOUIS VUITTON GUAM and DOES I-X.**<br><br>**Defendants.** | CIVIL CASE NO. 15-_____<br><br>**CV  15-00018**<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW**, the Plaintiffs, Qian Yan Fejeran and Roes I-X, by and through their counsel, and alleges as follows:

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended, to correct unlawful employment practices and discrimination on the basis of national origin, disability and retaliation.  Qian Yan Fejeran ("Mrs. Fejeran") alleges that Louis Vuitton Guam ("Defendants") and Does I-X subjected her to discrimination.  Mrs. Fejeran alleges that she and other Chinese employees were paid less than non-Chinese employees.  Further Chinese employees were subjected to a hostile working environment that included mistreatment, in-equitable work assigments and racially derogatory speech.

**JURISDICTION AND VENUE**

1.      The United States District Court for the Northern Mariana Islands has jurisdiction over this matter and is the proper venue for this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this is the District in which Mrs. Fejeran resided and in which a substantial part of the events or omissions giving rise to the claims occurred.

2.      This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), 42 U.S.C. § 1981, Title I and IV of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12111-12117, 12201-12213 ("ADA").

3.      All conditions precedent to the institution of this lawsuit has been fulfilled.

4.      On or November 26, 2014, Mrs. Fejeran filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendants.

5.      On or about July 14, 2015, the EEOC issued a Notice of Right to Sue the Defendants based on the Charge of Discrimination to Mrs. Fejeran which was received on July 22, 2015.

6.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of the Northern Mariana Islands.

**PARTIES**

7.      At all times relevant hereto, Mrs. Fejeran resided in the CNMI and a citizen of the United States.

8.      Mrs. Fejeran was at all relevant times employed by the Defendant(s).

9.      At all relevant times, Defendant, Louis Vuitton Guam was a corporation organized under CNMI law doing business in the CNMI and in the jurisdiction of the United States District Court of the Northern Mariana Islands.

2

10.    At all times relevant hereto, Defendants were employer within the meaning of Title VII.

11.    At all relevant times, Defendants continuously employed Fifteen (15) or more persons.

12.    At all relevant times, Defendants continuously engaged in an industry affecting commerce.

13.    Plaintiff is ignorant of the true names and capacities of Defendants sued as Does I through X, inclusive.   Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known.  Plaintiff alleges, on information and belief, that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

14.    It is further alleged on information and belief that the named and unnamed Defendants in this complaint are alter egos, joint employers, and/or integrated enterprises of each other.

15.    All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as successor, agent, employee, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

16.     Plaintiffs indentified as ROES or similarly situated employees of Chinese National origin who like Mrs Fejeran, were subjected to a hostile work environment and discrimination.

## **FACTUAL BACKGROUND**

17.     Mrs. Fejeran filed an EEOC charge of discrimination on November 26, 2014.

18.     Mrs. Fejeran believes that she have been discriminated against due to her national origin, disability, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended.

19.     Mrs. Fejeran was employed by Defendants as a Sales Associate since June 21, 2001.

20.     On July 15, 2007, Mrs. Fejeran successfully completed the company's Intermediate Language Training for Japanese Language.

21.     On or about January 29, 2009 Mrs. Fejeran successfully completed the company's Advance Language training for Japanese Language.

22.     In 2012, Mrs. Fejeran were sent to Paris as part of her 10 Year Service Award.

23.     Mrs. Fejeran also sent to cultural trainings, including in 2007, when Mrs. Fejeran was sent to Paris for Culture Training.

24.     In 2011, Mrs Fejeran was sent to Bangkok, Thailand for the Art of Service Training.  Also received recognition as the store top seller.

25.     Defendants hired a Japanese national (Kimi) on or about November 1, 2006 as a sales associates.

26.     Kimi was immediately paid more than Mrs. Fejeran and other Chinese nationals.

27.     During her employment, Mrs. Fejeran was subjected to a hostile work environment because of her national origin.

4

28.     The Store Manager regularly used racially derogatory terms like "stupid Chinese".

29.     Defendants hired HR Specialist Frank Gibson to conduct an investigation. His findng acknowledged that the Store Manager used racially derogatory terms like "Stupid Chinese".

30.     Between October 6, 2014 and October 15, 2014, Mr. Gibson met with all employees.

31.     When Mrs. Fejeran complained about discriminate her complaints were ignored.

32.     Defendants knew that a potential hostile work environment caused by the Store Manager's comment and similar comments made by other employees because all employees of Chinese national origin indicated that they found the comments to be unwelcome and offensive.

33.     The Chinese employees feel the comments adversely affected their ability to perform her job duties, and that they felt they was treated differently.

34.     The Store Manager was more critical of Chinese selling staff's performance.

35.     The reluctance of the Chinese employees to address or report a potential problem to Defendants demonstrated a deficiency in policies and pratice.  Defendants failed to have in place adequate policies and training required under Title VII.

36.     Defendants have a history of offering or paying Chinese employees at slightly above minimum wage and paying Japanese employees $3.00 per hour more.

37.     On or about  June 2011, Mrs. Fejeran provided a letter from her doctor requesting accommodation for what was described as a "lifelong" situation resulting from her medical history.

38.     Mrs. Fejeran requested the following accommodations: not being required to life objects over 20 pounds; limiting her working hours to 32 hours per week; and allowing her to sit approximately 5 minutes every 1 to 2 hours. The company agreed and approved all of these requested reasonable accommodations.

5

39.     On or about February 2012, Mrs. Fejeran submitted a note requesting that her work related physical activities be altered as an accommodation of her disability.

40.     Mrs. Fejeran's doctor indicated that she had bilateral knee pain and X-ray images from January 2012 showed that she had early onset of osteoarthritis of her right knee.  Her doctor  was suggested that she be given the opportunity to sit down at least every two hours and that she should be limited from squatting repeatedly throughout the day, and carrying, pushing, or pulling loads greater than 15 pounds.

41.     On or about November 2013 Mrs. Fejeran was notified by the Defendants required her to work 80 hours effective immediately.

42.     On or about December 22, 2014, Defendants returned Mrs. Fejeran's work schedule to a 32-hour work week.

## COUNT I
## DISCRIMINATION BASED ON NATIONAL ORIGIN and RETALIATION

43.     The allegations contained in paragraphs 1 through 36 inclusive are hereby incorporated by reference.

44.     Since at least 2006, Defendants engaged in unlawful employment  practices and in a pattern of such practices in violation of Title VII, 42 U.S.C. § 2000e-2.

45.     Mrs. Fejeran is a Chinese National.

46.     Defendants subjected Mrs. Fejeran to unwelcome discrimination based on her national origin and retaliation.

47.     The discrimination complained of affected a term, condition and privilege of employment.

48.     Defendants knew or should have known of the discrimination in question and failed to take prompt remedial action.

49.     The effect of the practice complained of above has been to deprive Mrs. Fejeran

of equal employment opportunities and otherwise adversely affect her status as an employee because of her national origin and retaliation.

50.     The unlawful employment practices complained of above were intentional.

51.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mrs. Fejeran.

52.     As a result of Defendants' actions, Mrs. Fejeran suffered irreparable injuries, including but not limited to emotional distress, loss of pay, benefits and other economic losses, and other compensatory damage for all of which she should be compensated.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY

53.     The allegations contained in paragraphs 37 through 42 inclusive are hereby incorporated by reference.

54.     At all relevant times, Mrs. Fejeran was capable of performing the duties of Sales Associates at the Defendants' facilities.

55.     During such time, Defendants continually, intentionally, and in a discriminatory manner refused to accommodate Mrs. Fejeran to work based on her medical condition.

56.     Such adverse employment actions by Defendants were in violation of the ADA.

57.     As a result of Defendants' actions, Mrs. Fejeran has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, and other compensatory damages for all of which she should be compensated.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues triable before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Mrs. Fejeran respectfully prays to this Court as follows:

A.     Order Defendants to make whole Mrs. Fejeran by providing her appropriate back pay with prejudgment interest, and front pay in amounts to be determined at trial, and/or other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

B.     Order Defendants to make whole Mrs. Fejeran by providing her compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

C.     For special and compensatory damages according to proof;

D.     For Punitive damages according to proof;

E.     For reasonable attorney's fees incurred and costs of suit incurred;

F.     For such further relief as the Court may deem proper.


Submitted this 9<u>th</u> day of October, 2015.



                                    THOMPSON LAW OFFICE, LLC

                                    By: _____
                                        COLIN M. THOMPSON
                                        Attorney for Plaintiffs